67 321
97 587

ALLEN BEARD v. HENRY L. SHARRICK AND JOHN BLOSSOM.

*Taxes—Ejectment—Tender of taxes assessed subsequently to date of deed.*

How. Stat. § 1208, is construed, and the practice thereunder stated as follows:

1. The payment or tender of all taxes paid by defendant in ejectment, assessed subsequently to the date of the tax deed under which the plaintiff claims title, with interest from date of such payment, is a *condition precedent* to the entry of judgment in plaintiff's favor. *Sinclair v. Learned*, 51 Mich. 335.

2. The *fact* of such payment becomes an *issue* in the case, and a part of the defendant's defense, who should submit his evidence to the jury, who, in addition to the requirements of How. Stat. § 7815, should specify in their verdict whether the defendant has paid such taxes, and, if so, the amount and the interest thereon, and such verdict should be received and recorded; but no judgment can be rendered thereon until the plaintiff pays or tenders said amount to the defendant.

3. The proper practice would be for the plaintiff to enter a special motion for leave to enter judgment, based upon an affidavit of the *fact* of such payment or tender, with notice to the defendant's attorney, or the amount may be paid into court for the defendant.

Error to Shiawassee. (Stickney, J.) Argued October 6, 1887. Decided October 20, 1887.

Ejectment. Plaintiff brings error. Reversed. The facts are stated in the opinion.

*Hugh McCurdy (Jerome W. Turner,* of counsel), for appellant.

*G. R. Lyon,* for defendants.

CHAMPLIN, J. Plaintiff brought ejectment and claimed title under a tax deed issued by the Auditor General for

the non-payment of taxes assessed against the premises in 1874.

The sale was made in October, 1875, and the deed issued and dated in 1877, and recorded March 14, 1877.

In 1869 the Legislature passed an act entitled "An act to provide for the payment of taxes levied and assessed upon lands purchased and held for the non-payment of taxes," which enacts—

"That no person shall be entitled to the recovery of the possession of land purchased and held by such person from the State, or held as grantee of a previous grantee or grantees of the State, for the non-payment of taxes, nor shall any such person or his legal representatives be lawfully entitled to the possession of any such lands, unless such person shall have, at any time before final judgment in his favor, or at the time of entering into such possession, either paid all the taxes levied and assessed upon such lands subsequent to the date of any tax deed under which he claims, or tendered the amount of taxes thus paid to the person who paid the same, if such person be the person against whom recovery is sought, or shall have acquired all the tax titles given for the taxes levied and assessed subsequent to such first acquired title, and previous to the entering into such possession." How. Stat. § 1208.

Upon the trial, defendant introduced in evidence the amount of taxes which he had paid after the date of the tax deed, and also for three years prior thereto, aggregating $188.33.

The circuit judge, after quoting the above statute, instructed the jury as follows:

"The law was in force at the time the assessment was made, and the lands sold for the non-payment of taxes, and the giving of the tax deed in question. It appearing in evidence in this case that the taxes for the years of 1877, 1878, 1879, 1881, 1882, 1884, and 1886, assessed against the lands in question, with amounts given, and for the other years but amounts not given, have not been paid or the amounts tendered by plaintiff; therefore he is not entitled in this case to maintain this action.

" The taxes assessed against the lands in question subsequent to the execution of the State deed in question, and up to the time of the repeal of the section, are all subject to the statutory rule above set forth, and the plain meaning of the statute is that the plaintiff, before he can ask a judgment, must have paid or tendered the subsequent taxes assessed against the lands in question. There is something for him to do, and when he has discharged the statutory obligation then he can ask for judgment, but not until then. Under the uncontradicted proof in this case, I do not think the plaintiff is entitled to a verdict, and your verdict will be for defendants."

Plaintiff's counsel excepted to the construction given to the statute by the court, and to his directing a verdict for defendants.

This statute received a construction in the case of *Sinclair v. Learned*, 51 Mich. 335. It was there held that the plaintiff must pay or tender the taxes which have been assessed and paid by defendant subsequent to the date of plaintiff's tax deed, with interest, before judgment can be rendered in his favor.

So far the point is settled. But the further questions remain whether the plaintiff must show, as a part of his case, that he has paid all taxes assessed against the land subsequent to his deed, or has paid or tendered to defendant any taxes he has paid subsequent to such deed, or whether it is a matter of defense to be interposed by the defendant.

In construing this statute, and arriving at the intention of the Legislature, we must consider all the acts of the Legislature bearing upon the rights conferred by a deed executed to purchasers at sales for delinquent taxes, as well as the statute concerning the action of ejectment. By the general tax laws it is provided that such deed shall be *prima facie* evidence of the regularity of all the proceedings, from the valuation of the lands by the assessors to the date of the deed, inclusive, and of title in fee in the purchaser. Hence, in an action of ejectment by the holder of such title, ordinarily,

he has made out a *prima facie* case when he has introduced such deed in evidence, and the statutory judgment would necessarily follow, if no sufficient defense were shown.

It is only where the defendant against whom a recovery is sought is the person who has paid the taxes subsequently assessed, that the statute in question applies. Such defendant best knows the fact, and is possessed of the means of proof. It best accords with our practice that he should produce the evidence of such payment as a defense, not against the plaintiff's title, but against his right to recover the possession until such taxes and interest are paid or tendered. It follows, also, the plaintiff has the right to contest the question whether such defendant has paid such taxes, and also the amount claimed to have been paid. This becomes an issue of fact in the case, and should be submitted to the jury, and they should find the amount which defendant is to be paid or tendered before judgment can be rendered in plaintiff's favor. The effect of the statute is to require the jury, in addition to the requirements specified in section 7815 of Howell's Statutes, to specify in their verdict whether the defendant has paid any taxes subsequently to the date of the tax deed under which the plaintiff claims, and, if they find that he has, to state the amount thereof, and the interest which has accrued thereon, from the date or dates of payment.

The court should receive and record the verdict; but no judgment can be rendered thereon until the plaintiff pays or tenders the amount so found by the jury to the defendant.

The proper practice would be for the plaintiff to enter a special motion, after such payment or tender, for leave to enter judgment, based upon affidavit of the fact of payment or tender, and notice to the defendant's attorney, or the amount may be paid into court for defendant.

It follows that the judgment must be reversed, and a new trial ordered.

The other Justices concurred.